# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MUSSELMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00186 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*David Musselman, Pro Se Plaintiff.*

David Musselman, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that the Director of the Virginia Department of Corrections ("VDOC") has violated his constitutional rights by failing to confine him in a state prison facility, rather than a local jail. The court filed the action on condition that the plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while the plaintiff has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed without prejudice as legally frivolous.

Mussleman's claim is brief and to the point:

> To my understanding as a DOC inmate I am not suppose[d] to be charged a dollar a day[.] I am also suppose[d] to have one hour of recreation every day[.] Also I am being charged ten dollars for my medical visits and the[y] are not doing the necessary things that need to be done for my medical issues or my mental health issues. And if I

> was moved to the Department of Corrections in the correct time period by Mr. Clarke then I could have these issues taken care of and handled in the appropriate manner.

(Compl. 5.) As relief, Musselman seeks transfer from the Roanoke City Jail to a VDOC prison facility.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

Under state law, a Virginia inmate has no right to be housed at a VDOC facility within a set time period. The VDOC Director has express statutory discretion to prioritize transfers of inmates from local jail facilities to VDOC facilities as necessary for security and safety reasons. Va. Code Ann. § 53.1-20(C). Under federal law, a convicted felon serving a prison sentence has no independent due process right to be housed in any particular prison or in a prison with less restrictions or more access to programs and recreation. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Because Musselman thus has no right to

be transferred to the VDOC at a particular time, the mere fact that Musselman remains at the local jail does not implicate his federal due process rights.

The complaint also states no actionable claim against the Director, personally, for the other problems Musselman has allegedly had while housed at the local jail. Musselman states no facts indicating that the Director acted personally to deprive him of medical care, mental health treatment, or recreation at the jail or to charge him fees for his medical care or for his incarceration there. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (finding that liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights because the doctrine of respondeat superior has no application under § 1983).

Because Musselman's allegations do not provide the factual or legal basis for any actionable § 1983 claim against the defendant, I must dismiss his Complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous. A separate Final Order will be entered herewith.

    DATED: May 20, 2014

    /s/ James P. Jones
    United States District Judge